# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JAMES ARTHUR LEE,**
**D.O.C. # 032550**

    **Plaintiff,**

**vs.**                                    **Case No. 4:20cv548-TKW-MAF**

**MARK INCH, et al.,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

An Order was entered in early December 2020 requiring the pro se Plaintiff to file an amended complaint which demonstrated that Plaintiff currently faces imminent danger. ECF No. 3. Plaintiff was then granted an extension of time to submit the required amended complaint, and ruling on Plaintiff's in forma pauperis motion, ECF No. 5, was deferred pending receipt of a complaint which met the imminent danger exception. ECF No. 6. Subsequently, Plaintiff filed two motions requesting typing services, ECF Nos. 7-8, and then another motion for an extension of time, ECF No.

10.  Plaintiff was provided an extension of time until February 22, 2021, to comply.  ECF No. 9.

Two separate Orders were entered in January advising Plaintiff that he must file the amended complaint by the February deadline.  ECF No. 9, 11.  Those Order also advised Plaintiff that if he failed to do so, a recommendation would be entered to dismiss this case.  ECF Nos. 9, 11.

The requirement to demonstrate that Plaintiff faces imminent danger of serious physical injury is important for two reasons.  First, Plaintiff has "three strikes" under 28 U.S.C. § 1915(g)[1] and is not entitled to proceed with in forma pauperis status absent that showing.  Second, Plaintiff's showing is particularly important in this case because at the time of case initiation, Plaintiff was incarcerated at Sumter Correctional Institution.  ECF No. 1 at 3.  The majority of the named Defendants, however, were not physically located with Plaintiff.  *See* ECF No. 3 at 4.  Moreover, the

---

[1] The statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Plaintiff acknowledged within the original complaint that he "is under the three strikes rule violations."  ECF No. 1 at 8.

Case No. 4:20cv548-TKW-MAF

complaint concerned Plaintiff's expressed need for "a medical bland diet," but that need was based on events from 1999. *Id.* The prior Order sufficiently explained to Plaintiff why the initial complaint was insufficient to demonstrate imminent danger. ECF No. 3 at 4-5.

As of this date, Plaintiff has not complied. The extended time period provided since case initiation in November 2020 also suggests that this is not a situation in which Plaintiff faces "imminent" harm. Although Plaintiff was given an extension of time because of a covid-19 quarantine, *see* ECF No. 6, the ability to draft a complaint does not require time in the law library. The facts are within Plaintiff's knowledge and he was provided a complaint form in which to draft the amended complaint. *See* ECF No. 3.

Accordingly, it is recommended that this case be dismissed for failure to prosecute because Plaintiff has not filed the amended complaint as required. Furthermore, Plaintiff's initial complaint was insufficient to demonstrate that Plaintiff faces imminent danger as required by § 1915(g).

## **RECOMMENDED**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed with in forma pauperis status, ECF No. 5, be **DENIED** because Plaintiff's complaint, ECF No. 1, fails to demonstrate

imminent danger, and that the case be **DISMISSED** for failure to prosecute because Plaintiff did not file an amended complaint as required.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**